UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID E. MOATS, | : |
| Plaintiff | : No. 3:14-CV-0411 |
| vs. | : (Judge Nealon) |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | : (Magistrate Judge Blewitt) |
| Defendant | : |

FILED
SCRANTON
DEC - 3 2014
PER _____
DEPUTY CLERK

## MEMORANDUM

## BACKGROUND

On March 5, 2014, Plaintiff, David E. Moats, filed this instant appeal[1] under 42 U.S.C. § 405(g) for review of the decision of the Commissioner of the Social Security Administration ("SSA") denying his application for disability insurance benefits ("DIB") under Title XII of the Social Security Act, 42 U.S.C. § 401, et. seq. (Doc. 1).

On May 9, 2014, Defendant filed an Answer and Transcript from the SSA proceedings. (Docs. 10 and 11). Plaintiff filed a brief in support of his Complaint on August 21, 2014. (Doc. 16). Defendant filed a brief in opposition on

---

1. Under the Local Rules of Court "[a] civil action brought to review a decision of the Social Security Administration denying a claim for social security disability benefits" is "adjudicated as an appeal." M.D. Pa. Local Rule 83.40.1.

September 16, 2014. (Doc. 17). Plaintiff filed a reply brief on September 29, 2014. (Doc. 18). The case was referred to Magistrate Judge Thomas M. Blewitt, who issued a Report and Recommendation ("R&R") on November 10, 2014, recommending that Plaintiff's appeal from the Commissioner's decision be granted. (Doc. 19). Plaintiff did not file objections, and Defendant filed a waiver to the right to file objections on November 24, 2014. (Doc. 20). The matter is ripe for disposition, and, for the reasons set forth below, the R&R will be adopted. Plaintiff's appeal will be granted, the decision of the Commissioner denying Plaintiff's application for DIB will be vacated, and the case will be remanded to the Commissioner for further proceedings.

## STANDARD OF REVIEW

When neither party objects to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report, under de novo or any other standard. 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140, 152 (1985). Nevertheless, the Third Circuit Court of Appeals has held that it is better practice to afford some level of review to dispositive legal issues raised by the report. Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987), writ denied 484 U.S. 837 (1987). In the absence of objections, review may properly be limited to ascertaining whether there is clear error that not only affects

the rights of the plaintiff, but also seriously affects the integrity, fairness, or public reputation of judicial proceedings. Cruz v. Chater, 990 F. Supp. 375, 377 (M.D. Pa. 1998) (Vanaskie, J.); Garcia v. I.N.S., 733 F. Supp. 1554, 1555 (M.D. Pa. 1990) (Kosik, J.) (stating "the district court need only review the record for plain error or manifest injustice"). The district court may accept, reject, or modify, in whole or in part, the findings and recommendations contained in the report. 28 U.S.C. § 636(b)(1)(C); M.D. Pa. Local Rule 72.3.

## **DISCUSSION**

Upon review, it is determined that the Magistrate Judge did not err in concluding that the decision of the administrative law judge ("ALJ"), that Plaintiff was not disabled, is not supported by substantial evidence. Magistrate Judge Blewitt accurately set forth the procedural history, standard of review, and sequential evaluation process for a disability claim in the R&R, and the same is adopted herein. (Doc. 19, pp. 1-13). Also, the Magistrate Judge adequately analyzed the findings of the ALJ and the evidence of record, which will also be adopted. (Id.). A review of the entire record reveals no clear error in Magistrate Judge Blewitt's Report and Recommendation, as will be discussed below in greater detail.

On appeal, Plaintiff argued that substantial evidence does not support the

ALJ's finding that Claimant was not disabled because: (1) the ALJ erred at step five of the sequential evaluation process because he improperly excluded medically-supported limitations from the hypothetical he posed to the vocational expert; and (2) the ALJ improperly determined Plaintiff does not have a severe mental health impairment. (Doc. 16, pp. 8-14).

The Magistrate Judge determined that the ALJ improperly excluded several medically-supported limitations from the hypothetical posed to the vocational expert because the ALJ did not provide an explanation for excluding these limitations and because the ALJ supported his rejection of these limitations with evidence that was not a part of the record. (Doc. 19, p. 16). Magistrate Judge Blewitt concluded that ". . . [b]ecause the ALJ failed to offer any discussion of the potentially work-preclusive limitations identified in the CRNP Pa's medical source statement, we cannot ascertain whether these limitations were reasonably discounted and could be properly excluded from the hypothetical questions posed to the VE." (Id.). Accordingly, Magistrate Judge Blewitt recommended that Plaintiff's appeal be granted, the Commissioner's decision be vacated, and the matter be remanded to the Commissioner for further proceedings. (Id. at 17).

## CONCLUSION

In the absence of objections, and having reviewed the Report and

Recommendation for clear error and finding none, Magistrate Judge Blewitt's Report and Recommendation will be adopted, Plaintiff's appeal will be granted, and the decision of the Commissioner will be vacated and remanded for further proceedings.

    A separate Order will be issued.

**Date**: December 3, 2014

                                                  **United States District Judge**